## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-496-CMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVID LEE YOUNG,

Defendant.

---

### APPEAL OF MAGISTRATE JUDGE'S DETENTION ORDER

---

Defendant, David Lee Young (hereinafter "Mr. Young"), by and through his attorney of record, Lynn Pierce, hereby moves for a review of Magistrate Judge Varholak's order of detention and in light of the COVID-19 pandemic he moves this Court to set a hearing as soon as possible, pursuant to 18 U.S.C. § 3145(b).   In support of this motion, Mr. Young states:

### Procedural Background

1.     Mr. Young was charged with possession a firearm as a felon, 18 U.S.C. § 922(g) stemming from an incident on October 9, 2019. (Doc. 1)   At the detention hearing, Mr. Young was denied pre-trial release and an order of detention was entered on December 6, 2019 after a hearing. (Doc. 11).     The Court opined:

> Weighing the factors set out in the Bail Reform Act, I find the following: The defendant is charged with felon in possession of a firearm.  He has a prior felon in possession of a firearm.  At the time of the alleged offense, he was on pretrial release for a possession of a weapon by previous offender.  At the time of his arrest on the instant federal charges, he had yet another firearm.  He has failed to appear on four occasions, violated

one term of supervised release, and had two terms of probation revoked. Based on this evidence, I find by a preponderance of the evidence that the defendant is a risk of flight and by clear and convincing evidence that the defendant is a danger to the community if released on conditions of bond. I find that there are no conditions or combination of conditions that I can impose to assure the defendant's presence and the safety of the community. *Id.*

2.     A superseding indictment was filed on January 23, 2020 charging Mr. Young with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); possession and distribution of marijuana, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C); and possession of a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c)(1)(A)(i). (Doc. 25) All of the charges in the superseding indictment stem from a December 2, 2019 encounter with law enforcement.  The original 922(g) stemming from October 9, 2019 was omitted from the superseding indictment.

3.     Mr. Young filed a motion for a detention hearing on February 13, 2020 (Doc. 33).   This matter was referred to Magistrate Judge Varholak and an order denying the motion was issued on February 19, 2020 stating:

Upon careful consideration of the Motion and related briefing, the entire case file, and the applicable case law, the Court finds that Defendant has not presented any new information or evidence that warrant reopening the prior Detention Hearing. Neither the Motion nor Superseding Indictment undermine or call into question the reasons for detention articulated in Order of Detention. Accordingly, the Motion is DENIED  (Doc. 36)

4.     Since the orders of December 9, 2019 and February 19, 2020, there is a significant event, that being the COVID-19 pandemic.  This event has caused Mr. Young to be at risk, along with all other inmates, at the Federal Detention Center in

Littleton, Colorado.  As a result of the pandemic, Mr. Young has been denied visitation with his attorney and his wife and child.  Also, as a result of the pandemic, Mr. Young's trial has been postponed until May 4, 2020.

5.      As of March 18, 2020, SARS-COV-2, a novel coronavirus causing COVID-19, has infected over 211,200 people worldwide, leading to at least 8,822 deaths, and 147 deaths in the United States. [1]  The President has declared a national emergency. Governor Polis declared a state of emergency on March 10, 2020.  Our country is woefully behind the curve on testing, and no one knows the true extent of community spread.    Because of the virus' long latency period, studies show that "stealth" transmission by infected persons with low or no symptoms has played a "major role" in the pandemic.   New data published in the New England Journal of Medicine yesterday found that the highly-contagious "virus can remain viable and infectious in aerosols for hours and on surfaces up to days."   The White House has advised the public to avoid gathering in groups of more than 10 people.[2] Governor Polis declared a public health emergency in Colorado, and the City of Denver also declared an emergency.

**COVID-19 Presents an Enormous Threat in High-Risk Settings like Jails**

6.      Much like cruise ships and nursing homes, jails are extremely dangerous in a pandemic, given the impossibility of social distancing in a confined space.   Dr. Lipi Roy, the former chief medical officer of Rikers Island, explained that, unlike free people, detainees cannot engage in "'social distancing' and 'self-quarantine' and

---

[1] *Coronavirus Map: Tracking the Spread of the Outbreak*, N.Y. Times (March 18, 2020), https://nyti.ms/2U4kmud (updated regularly).
[2] Kevin Liptak, *White House advises public to avoid groups of more than 10*, CNN, (March 16, 2020),

'flattening the curve' of the epidemic—all of these things are impossible in jails and prisons, or are made worse by the way jails and prisons are operated." [3]

### The Bail Reform Act Favors Mr. Young's Release

7.   A "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  18 U.S.C. § 3142(i).  The circumstances that existed when Mr. Young was ordered detained have now changed.  There is a pandemic that poses a direct risk to Mr. Young that is far greater if he continues to be detained during this public health crisis.

Mr. Young is vulnerable because he has had bronchitis and asthma in the past. He also suffers from PTSD and is not properly being treated by the FDC for that condition.

8.   Mr. Young, as an adult, has never been convicted of a crime of violence. His wife, who was gainfully employed, is willing to serve as a third-party custodian. Forcing Mr. Young to remain incarcerated under the current health crisis, is unduly burdensome given that he could be tracked with GPS monitoring and/or could reside in

---

https://www.cnn.com/2020/03/16/politics/white-house-guidelines-coronavirus/index.html.
[3] Jennifer Gonnerman, *How Prisons and Jails can Respond to the Coronavirus*, The New Yorker, (March 14, 2020), https://www.newyorker.com/news/q-and-a/how-prisons-and-jails-can-respond-to-the-coronavirus ("it's going to be very, very difficult to deliver a standard of care either in the detection or the treatment of people who are behind bars. I just have really grave concerns"); see also Dr. Lipi Roy, *Infections And Incarceration: Why Jails And Prisons Need To Prepare For COVID-19 Now,* Forbes, (March 11, 2020), https://www.forbes.com/sites/lipiroy/2020/03/11/infections-and-incarceration-why-jails-and-prisons-need-to-prepare-for-covid-19-stat/#1fa6b08e49f3 ("Hand sanitizers, for instance, are often considered contraband . . . . Other harsh realities of jail life that prevent proper application of CDC recommendations include limited access to toilet paper and paper towels; and handcuffs prohibit the use of hands to cover one's mouth.").

a halfway house.  If on pre-trial release, he could support his wife by helping with  the care of his infant son and her other child, while submitting to additional conditions found to be appropriate by the Court or the probation department.

9.     Mr. Young therefore contends there are conditions or combination of conditions that can be imposed to assure his presence for court and the safety of the community.

**Conclusion**

WHEREFORE, Mr. Young respectfully requests that the Court reconsider him for pre-trial release, for another detention hearing after the superseding indictment, and for any further relief the Court deem appropriate under the circumstances.

RESPECTFULLY SUBMITTED this 23rd day of March 2020.

BUTLER, LANDRUM & PIERCE, P.C.

*/s/ Lynn A. Pierce*
Lynn A. Pierce #18953
720 Kipling Street, Suite 201
Lakewood, CO  80215
(303) 232-3888
lpierce.blp@comcast.net
**Attorney for Defendant**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of March 2020, a true and correct copy of the foregoing was filed with the Clerk of Court via CM/ECF, which will send notification of such filing to all counsel of record.

/s/ Lynn Pierce