IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 19-cr-00496-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID YOUNG,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO WITHDRAW AND REQUEST FOR HEARING**

---

This matter is before the Court on Defendant David Young's Third Motion to Withdraw and Request for Hearing. (Doc. # 55.) For the following reasons, the Motion is granted in part and denied in part.

### I.    BACKGROUND

The Court recently recounted the facts of this case in its Order (Doc. # 48 at 1–2) denying Mr. Young's second motion to withdraw. Those facts are incorporated by reference, and the Court will reiterate the factual background only to the extent necessary to address the instant Motion.

This is the third Motion to Withdraw that Mr. Young has directed his defense counsel, Lynn Pierce, to file in this case. The Court held a hearing on Mr. Young's first Motion to Withdraw on February 4, 2020 ("the February 4 hearing"). *See* (Doc. # 30).

After hearing from Mr. Young and his counsel, this Court found that any breakdown in communication was caused by Mr. Young simply because he wanted a new attorney. *See* (Doc. # 48 at 2). Accordingly, the Court denied Mr. Young's request for substitute counsel. Mr. Young then indicated that he wished to proceed *pro se*. After conducting a full *Faretta* colloquy, *see Faretta v. California*, 422 U.S. 806 (1975), to ensure that Mr. Young's waiver of his right to counsel was knowing and voluntary, the Court granted his request for Ms. Pierce to withdraw and for Mr. Young to proceed *pro se*. The Court, however, in an abundance of caution, appointed Ms. Pierce as standby counsel in the event Mr. Young was unable to represent himself at trial.

Subsequently, Mr. Young changed his mind about proceeding *pro se* and requested for Ms. Pierce to be reappointed as his counsel. As a result, Ms. Pierce was reappointed as CJA counsel for Mr. Young on February 6, 2020. (Doc. # 32.) Despite the fact that Ms. Pierce continued to zealously and vigorously advocate on Mr. Young's behalf, Mr. Young once again changed his mind and instructed her to file a second Motion to Withdraw, which she filed on March 24, 2020. (Doc. # 47.)

The Court denied that motion on March 27, 2020, indicating that this second motion, "largely mirror[ed] [the] first Motion to Withdraw," and did "not raise any circumstances that justif[ied] reconsideration of this Court's findings at the February 4, 2020 hearing . . . ." (Doc. # 48 at 2, 4). Because Mr. Young has had the benefit of top-quality representation, the Court observed that his attempts to secure substitute counsel were attributable to "gamesmanship." (*Id.* at 4.)

Ms. Pierce filed the instant Motion to Withdraw on May 1, 2020. (Doc. # 55.) The Motion differs in a material respect from the prior motions. Specifically, Ms. Pierce represents that Mr. Young "has communicated a credible threat to [her] which, if carried out, could result in serious bodily injury." (*Id*. at 3.)

## II.   ANALYSIS

### A.   MOTION TO WITHDRAW

In order to prevail on a motion to have his counsel withdraw and have new counsel appointed, "the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." *United States v. Porter*, 405 F.3d 1136, 1140 (10th Cir. 2005). "To prove a total breakdown in communication, a defendant must put forth evidence of a severe and pervasive conflict with his attorney or evidence that he had such minimal contact with the attorney that meaningful communication was not possible." *Id*. In making this assessment, courts consider whether:

> (1) the defendant's request was timely; (2) the trial court adequately inquired into [the] defendant's reasons for making the request; (3) the defendant-attorney conflict was so great that it led to a total lack of communications precluding an adequate defense; and (4) the defendant substantially and unreasonably contributed to the communication breakdown.

*Id*.

In its Order denying Mr. Young's second Motion to Withdraw, the Court noted that "Defendant is playing games with the judicial process," and reiterated that, if communications between Defendant and his counsel had broken down, that was due to "a voluntary decision of a defendant who is being difficult . . . ." (Doc. # 48 at 3.)

Defendant's recent decision to "communicate[ ] a credible threat to [his] Counsel which, if carried out, could result in serious bodily injury" is a continuation of Mr. Young's pattern of gamesmanship in this case. (Doc. # 55 at 3.) Considering the behavior that Mr. Young has exhibited throughout this case, the Court suspects that his threat to harm Ms. Pierce is a calculated attempt to ensure that the Court will allow Ms. Pierce to withdraw and appoint substitute counsel for him.

Mr. Young's behavior is unlikely to be remedied by new counsel because Mr. Young appears intent on finding an attorney who will comply with his every request. However, as the Court advised Mr. Young during the *Farretta* colloquy on February 4, 2020, it is counsel who makes the decisions as to trial strategy and legal theories to advance in the case. In this case, Mr. Young is intent on advancing legally frivolous theories, such as the view—which he articulated at the February 4 hearing—that he cannot be prosecuted for Felon in Possession, despite the fact that he is a convicted felon, because he has a Second Amendment right to bear arms. *See* (Doc. # 30). Although Mr. Young has the absolute right to represent himself in this matter, he does not have the right to appointed counsel of his choice. The Court will not reward Mr. Young's continued gamesmanship and obstructionism.

The Court finds that these facts support the granting of the Motion to Withdraw on the part of Ms. Pierce. However, they do not support the appointment of new CJA counsel. Not only has Mr. Young "substantially and unreasonably contributed" to any breakdown in communication with his attorney, he appears to be the sole cause of the

problem. Therefore, Mr. Young has not demonstrated that there is good cause to appoint substitute counsel.

B.     MR. YOUNG'S REQUEST TO PROCEED *PRO SE*

Mr. Young requests to proceed *pro se* if he is not appointed substitute counsel. (Doc. # 55 at 2.) That request is granted.

"[T]he Constitution does not force a lawyer upon a defendant. He may waive his Constitutional right to assistance of counsel if he knows what he is doing and his choice is made with eyes open." *United States v. Hansen*, 929 F.3d 1238, 1248–49 (10th Cir. 2019) (quoting *Adams v. U.S. ex rel. McCann*, 317 U.S. 269, 279 (1942)) (further citation omitted). Further, "[a] lawyer cannot be forced upon a defendant who wishes to waive his right to counsel even if," as here, "self-representation would be detrimental." *United States v. Turner*, 287 F.3d 980, 983 (10th Cir. 2002).

Courts conduct a two-part test to determine whether a defendant has effectively waived his right to counsel. "First, we must determine whether the defendant voluntarily waived his right to counsel [and] [s]econd, we must determine whether the defendant's waiver of his right to counsel was made knowingly and intelligently." *United States v. Williamson*, 859 F.3d 843, 862 (10th Cir. 2017) (quoting *United States v. Taylor*, 113 F.3d 1136, 1140 (10th Cir. 1997)).

At the February 4 hearing, the Court conducted a full *Faretta* colloquy to ensure that both of these elements were satisfied in the instant case. As a result of that colloquy, the Court found that Mr. Young "knowingly, voluntarily, and intentionally

waived his right under the United States Constitution to have the Court appoint a lawyer to represent him." (Doc. # 30.)

A valid waiver of the right to counsel remains in effect at subsequent proceedings in the absence of a change in circumstances that "would suggest that the district court should make a renewed inquiry of the defendant." *United States v. Tate*, 535 F. App'x 359, 361 (5th Cir. 2013) (quoting *United States v. McBride*, 362 F.3d 360, 367 (6th Cir. 2004) (collecting cases)). "The essential inquiry is whether circumstances have sufficiently changed since the date of the *Faretta* inquiry that the defendant can no longer be considered to have knowingly and intelligently waived the right to counsel." *Id*. (quoting *United States v. Hantzis*, 625 F.3d 575, 581 (9th Cir. 2010)).

Under normal circumstances, this Court would set this motion for another hearing and undertake another *Faretta* colloquy with Mr. Young. But these are not normal circumstances due to the health risk posed by COVID-19. Mr. Young has previously undergone a full advisement pursuant to *Faretta* and he has previously knowingly and voluntarily waived his right to an attorney. Mr. Young does not assert, nor do any facts in the record suggest, that circumstances relevant to his waiver of his right to counsel have changed in the three months since the February 4 hearing. As such, the Court finds no need to risk the health of anyone to conduct another *Faretta* colloquy in this case. Mr. Young's Motion to proceed *pro se* is granted.

The Court advises Mr. Young, as it did at the February 4 hearing, that "[t]he right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it

a license not to comply with relevant rules of procedural and substantive law." *Hansen*, 929 F.3d at 1257 (quoting *Faretta*, 422 U.S. at 834 n.46).

The Court, however, will order the appointment of standby counsel this case. The Court wants to make sure everyone understands the distinction it is making between standby counsel and advisory counsel.[1] The Court is not appointing advisory counsel to Mr. Young, because he has demonstrated that he is not willing to listen to the advice of counsel. The Court is appointing standby counsel, who will need to familiarize himself with the case and who will be prepared to step in and represent Mr. Young in the event that termination of Mr. Young's self-representation at trial becomes necessary. *United States v. Wallace*, 527 F. App'x 784, 786 (10th Cir. 2013) (quoting *Faretta*, 422 U.S. at 834 n.46).

### C.  TRIAL AND RELATED DEADLINES REMAIN AS SCHEDULED

Trial is currently set in this case for June 8, 2020; the speedy trial clock runs on the same day. *See* (Doc. # 54 at 2 n.1). The Final Trial Preparation Conference and the Trial of this matter will proceed as scheduled, unless the parties request an Ends of Justice Continuance or the Chief Judge extends his General Order indicating that COVID-19 continues to make it unsafe and too difficult to empanel a jury for trials scheduled for June.

### III.  CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

---

[1] Advisory counsel is appointed "to explain and enforce basic rules of courtroom protocol [and] to assist [Defendant] in overcoming routine obstacles that stand in the way of [his] achievement of his own clearly indicated goals." *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984).

- Mr. Young's Third Motion to Withdraw and Request for Hearing (Doc. # 55) is GRANTED IN PART AND DENIED IN PART. Specifically:
    - The Motion is **denied** insofar as Mr. Young requests a hearing.
    - The Motion is **granted** insofar as Mr. Young requests the Court to allow the withdrawal of Ms. Pierce as his CJA appointed counsel. Lynn Pierce's appointment as CJA counsel for Mr. Young is withdrawn.
    - The Motion is **denied** insofar as Mr. Young requests the Court to appoint substitute CJA counsel.
    - The Motion is **granted** insofar as Mr. Young requests to proceed *pro se*.
- The Clerk of the Court respectfully is DIRECTED to delete Ms. Pierce's email address from future ECF filings and electronic notifications in this case.
- Standby counsel for Mr. Young shall be appointed immediately from the Criminal Justice Act Panel. Due to the upcoming trial date, such standby counsel must make familiarization with this case a priority.
- The Final Trial Preparation Conference/Change of Plea Hearing that is currently set for **May 26, 2020**, remains as scheduled. The Government and Mr. Young have upcoming deadlines for submission of jury instructions, witness lists, and exhibit lists as set forth in this Court's Practice Standards. The Court notes that it has received the following to date: the parties' stipulated jury instructions; the Government's competing jury instruction on Count 2; the Government's proposed verdict form; the Government's exhibit list, witness list, and proposed voir dire questions; Mr. Young's Exhibit List, witness list, and proposed voir dire. Mr. Young may wish to review the

documents Ms. Pierce submitted on his behalf to determine whether he would like to change or supplement them.

- The 5-day jury trial currently set for **June 8, 2020**, remains as scheduled.

DATED: May 6, 2020

BY THE COURT:

*Christine M. Arguello*
CHRISTINE M. ARGUELLO
United States District Judge