IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 19-cr-00496-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID YOUNG,

    Defendant.

---

***SUA SPONTE* ORDER EXCLUDING 60 DAYS FROM THE SPEEDY TRIAL CLOCK PURSUANT TO 18 U.S.C. § 3161(h)(7)(A) AND VACATING TRIAL-RELATED HEARINGS AND DEADLINES**

---

This matter is before the Court *sua sponte*. For the following reasons, the Court vacates the trial and related hearings in this case and excludes 60 days from the speedy trial clock.

## I.    ANALYSIS

The Speedy Trial Act dictates that if a defendant is charged by indictment with the commission of an offense, trial "shall commence within seventy days from the filing date . . . of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). However, the Speedy Trial Act provides many exceptions during which periods of delay in a defendant's trial are excluded from the seventy-day trial clock. As relevant in this case, the Speedy Trial Act excludes "[a]ny period of delay resulting from a continuance granted by any judge on [her] own motion . . . if the judge

granted [the] continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Such a continuance is warranted in this case.

Pursuant to a General Order issued on June 15, 2020, Chief Judge Philip Brimmer made the following findings regarding court operations during the COVID-19 pandemic:

- the COVID-19 (Coronavirus Disease) outbreak remains a national public health emergency, the Centers for Disease Control and Prevention ("CDC"), the Colorado Department of Public Health and Environment, and the Denver Department of Public Health and Environment continue to advise taking measures to slow the spread of the disease and precautions to reduce the possibility of exposure to the virus;

- this Court continues to evaluate its response to the spread of COVID-19 and **recognizes the need to assist in the preservation of public safety and health** while effectively administering justice during the COVID-19 pandemic;

- federal, state, and local health agencies continue to recommend that organizations and institutions comply with applicable recommendations of the CDC and other health agencies, including the wearing of masks or face coverings, physical distancing of individuals, and other protective measures . . . .

General Order 2020-10 at 1 (emphasis added), available at www.cod.uscourts.gov.

Based on those findings, Judge Brimmer ordered that "all . . . criminal trials scheduled to commence now through July 31, 2020 before any district or magistrate judge in any courthouse in the District of Colorado are CONTINUED . . . , with the exception of certain pilot trials as authorized by the chief judge." *Id*. at 3. The trial in this case, which is currently set to commence on July 20, 2020, would have been continued pursuant to the General Order, but the case was authorized to proceed as a pilot trial. However, circumstances have recently developed which make it impracticable to hold a

fair trial and, therefore, an ends of justice continuance is required.

Specifically, on July 10, 2020, the United States Marshals Service informed the Court that an inmate in the same facility in which Defendant is currently housed tested positive for COVID-19 while in general population. As a result, the facility implemented enhanced quarantine procedures to try to contain the spread of the virus. Pursuant to those procedures, if Defendant physically appears in court, he will be placed into quarantine with other quarantined inmates who are pending test results.

The heightened risk of exposure to COVID-19, both for Mr. Young and for everyone involved in the trial of Mr. Young's case, including the jurors, the lawyers, and court staff, outweighs the best interest of the public and the defendant in a speedy trial. The quarantine procedures that would apply to Defendant if he regularly appeared in court for trial would increase his risk of infection. That increased risk would be passed on to the members of the public who serve on the jury, as well as to Court staff.

Due to the nature of the virus, Defendant could be exposed and become infectious without showing symptoms. If jurors, counsel, or court staff become infected, there would be a substantial risk of a "superspreading" event that puts countless individuals at risk, even if the Court follows safety protocols. It is simply not worth the risk to hold a trial under the circumstances. *United States v. Cardenas-Avila*, No. 2:19-CR-420 TS, 2020 WL 3404929, at *2 (D. Utah June 19, 2020) ("The need to protect the health of the public in the midst of a deadly pandemic outweighs the rights of Defendant and the public to a speedy trial.").

In reaching this conclusion, the Court joins with numerous federal district courts that have granted continuances under 18 U.S.C. § 3161(h)(7)(A) due to the pandemic.

*See, e.g.*:

- *United States of Am. v. Gabriel Alexander Diaz-Nivar*, No. 20-CR-38-JD, 2020 WL 3848200, at *3 (D.N.H. July 8, 2020) (excluding continuances due to COVID-19 from trial clock based on "ends of justice" findings);

- *United States v. Kemprud*, 2020 WL 2836784, at *3–*4 (E.D. Cal. June 1, 2020) (same);

- *United States v. Magana*, 2020 WL 2527041, at *2 (D. Utah May 18, 2020) (same);

- *United States v. Magana-Madrigal*, 2020 WL 2476470, at *1–*2 (E.D. Tenn. May 13, 2020) (same);

- *United States v. Dill*, 2020 WL 2083011, at *1 (D. Me. Apr. 30, 2020) (same);

- *United States v. Aguirre-Maldonado*, 2020 WL 2029610, at *1 (D. Minn. Apr. 28, 2020) (same).

Moreover, the Court would be obligated to candidly inform potential jurors of the danger associated with their service. As a consequence, it is highly likely that, even if a jury is eventually selected, it would not reflect an adequate cross-section of society because any individual who is at a heightened risk of harm from the virus—or anyone who might live with or frequently associate with such a person—would likely be excused for cause. Additionally, Defendant may be prejudiced by the jury's inability to clearly observe witness reactions to assess credibility because the witnesses would be required to wear masks that cover their face.

Similarly, enforcing social distancing in the courtroom would require the jury to be spread out in the gallery as opposed to the jury box, which would diminish the jury's

ability to assess the presentation of evidence, not to mention the Defendant's ability to assess the reaction of the jurors to the evidence. Therefore, in addition to the public-health risks posed by the outbreak at the facility in which Defendant is housed, conducting a jury trial under the circumstances would pose significant fairness concerns, which would be a miscarriage of justice.

The Court has discussed these process concerns with both counsel for the Government and counsel for Mr. Young (who himself is highly at risk due to his age) and both agreed that this continuance would be in the best interests of Mr. Young and of the public.

## II.     CONCLUSION

Based on the foregoing, the Court finds pursuant to 18 U.S.C. § 3161(h)(7)(A) that the ends of justice served by excluding 60 days from the speedy trial clock outweigh the best interests of the public and Mr. Young in a speedy trial. It is, therefore,

ORDERED that a 60 day ends of justice continuance in this case is ordered, which shall be excluded from the speedy trial clock, which currently stands at **July 27, 2020**. It is

FURTHER ORDERED that the Final Trial Preparation Conference/Change of Plea Hearing set for **July 14, 2020**, is VACATED and RESET to **September 3, 2020, at 3:00 PM**. It is

FURTHER ORDERED **that the five-day** jury trial set to begin on **July 20, 2020,** is VACATED and RESET to **September 14, 2020, at 8:30 AM**, with trial dates from **September 15, 2020, to September 18, 2020**, commencing at **8:00 AM**. It is

5

FURTHER ORDERED that, upon issuance of this Order, the speedy trial clock shall stand at **September 25, 2020**.

DATED: July 13, 2020

BY THE COURT:

*Christine M Arguello*
CHRISTINE M. ARGUELLO
United States District Judge